THOMPSON, Appellant, v. EMERSON, Respondent.

St. Louis Court of Appeals, April 24, 1906.

1. **PRACTICE: Instruction: Proof of Undisputed Issues.** In an action on an open account, where the defendant admitted the correctness of some of the items of the account, it was error to instruct the jury that the burden was on the plaintiff to prove each and every item of his account.

2. ———: **Irrelevant Evidence.** In an action by an attorney on account for services rendered and expenses incurred, where the answer was a general denial and a plea of settlement, evidence on the part of the defendant that the plaintiff had entered satisfaction of a judgment held by defendant without defendant's knowledge, was irrelevant.

3. ———: **Improperly Influencing Jury: New Trial.** Where affidavits filed and evidence taken in support of motion for new trial tended to show that the jury was improperly influenced and that the verdict was rendered upon testimony which the successful party knew to be false, the motion for new trial should be sustained.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Ball & Sparrow* and *Tapley & Fitzgerrell* for appellant.

*George W. Emerson* for respondent.

BLAND, P. J.—The action is in assumpsit to recover a balance of three hundred and twenty-six dollars and ten cents for legal services rendered and money expended by the plaintiff, at the special instance and request of the defendant, an itemized account of which is set out in the petition.

The answer is as follows (omitting caption) :

"Now comes defendant herein and, for answer to plaintiff's petition filed in this cause, admits he paid plaintiff the sum of $215.50 and denies each and every other allegation in said petition contained.

"Defendant further answering says that on the — day of June, 1903, he had a settlement with defendant in which all items for services and moneys expended were included and upon said settlement plaintiff was indebted to defendant in the sum of $12.50 for which defendant asks judgment and for his costs."

A reply was filed denying the new matter in the answer.

The trial resulted in a verdict and judgment for plaintiff for fifty-six dollars and eighty-three cents. Plaintiff filed a timely motion for new trial which the court overruled and plaintiff appealed.

Plaintiff gave evidence tending to prove each and every item of the account, and that the charges for his legal services were reasonable.

Defendant, in his evidence, admitted many of the items of the account and testified that in August, 1901, he had a settlement with the plaintiff of all matters of account between them, and in the settlement it was ascertained that plaintiff owed him $12.50, and denied that plaintiff rendered him any service thereafter; but it was admitted on the trial, by defendant's attorney, that plaintiff rendered legal services for defendant, at his instance and request, as late as January, 1902. Over the objection of plaintiff, defendant was permitted to testify that the plaintiff, without his knowledge or consent, and

greatly to his damage, entered satisfaction of a judgment for twenty-seven hundred dollars, which defendant had obtained in a Texas court against certain parties residing in that State. He was also permitted to testify, over the objection of plaintiff, that plaintiff had wrongfully retained ten dollars out of thirty dollars defendant put in his hands for transmission to Judge Barnes in the State of Illinois. Plaintiff, in his evidence, denied the satisfaction of the Texas judgment and showed by a letter from Judge Barnes that he did not retain the ten dollars mentioned by the defendant. He also denied that he had a settlement with defendant, in 1901, or at any other time.

1. The court instructed the jury that the burden was on plaintiff to prove each and every item of his account. This instruction was erroneous, for the reason some of the items of the account were admitted by defendant to be correct; such items should not have been included in the instruction.

2. Defendant's evidence in regard to the Texas judgment and the transmission of the money to Judge Barnes is irrelevant to any issue in the case and should have been excluded.

3. Affidavits filed and evidence heard in support of the motion for new trial raise a strong suspicion that a portion of defendant's evidence was false, and known by him to be false when he gave it. These affidavits and this evidence also strongly indicate that the defendant, either by himself or by his agent, undertook to improperly influence some of the jurors during the progress of the trial, by treating them to an oyster supper and whiskey. These affidavits and this evidence so stigmatize the history of the trial that we think the motion for new trial should have been granted.

The judgment is reversed and the cause remanded. All concur.